UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

CHERYL NYE,
              *Plaintiff-Appellant,*

                v.

CARL ROBERTS; BOARD OF
EDUCATION OF CECIL COUNTY,
MARYLAND,
              *Defendants-Appellees,*

                and                              No. 01-1641

NANCY S. GRASMICK, State
Superintendent of Schools; NELSON
BOLENDER, President,
              *Defendants.*

METROPOLITAN WASHINGTON
EMPLOYMENT LAWYERS ASSOCIATION,
              *Amicus Curiae.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, District Judge.
(CA-99-1797-JFM)

Submitted: August 12, 2002

Decided: October 1, 2002

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Nancy G. Black, LAW OFFICES OF NANCY G. BLACK, Baltimore, Maryland, for Appellant. Leslie R. Stellman, Eric W. Gunderson, HODES, ULMAN, PESSIN & KATZ, P.A., Towson, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Cheryl Nye sued her former employer for violations of Title VII of the Civil Rights Act of 1964, as amended, alleging that she was discriminated against on the basis of sex and in retaliation for her complaints of discrimination.* The district court granted summary judgment to the employer finding that Nye's sexual harassment claims failed because they occurred more than 300 days prior to her filing a verified complaint with the relevant state deferral agency for the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e)(1) (2000); *Tinsley v. First Union Nat'l Bank*, 155 F.3d 435, 439 (4th Cir. 1998).

The district court relied on *Edelman v. Lynchburg Coll.*, 228 F.3d 503 (4th Cir. 2000), to find that Nye's sworn but untimely charge to the EEOC could not relate back to her unsworn but timely filing with the EEOC. Subsequent to the district court's order, however, *Edelman* was reversed. *See Edelman v. Lynchburg Coll.*, 122 S. Ct. 1145 (2002). The Supreme Court held that the EEOC's regulation, 29 C.F.R. § 1601.12(b), was valid and that an untimely sworn EEOC charge could relate back to a timely but unsworn EEOC charge. *Edelman*, 122 S. Ct. at 1152.

---

*Nye also alleged state law claims, which she has abandoned on appeal.

Because the district court did not have the benefit of the Supreme Court's opinion in *Edelman*, we vacate and remand for compliance with that opinion. We decline to address the other issues raised on appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*